JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ANDRÉ LAMAR REVIS,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>RALPH DIAZ,<br><br>　　　　　Respondent. | No. CV 21-6643-GW (PLA)<br><br>**ORDER DISMISSING PETITION** |

I.

**BACKGROUND**

André Lamar Revis ("petitioner") initiated this action on August 9, 2021, by filing a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("Petition"). On September 7, 2005, following a jury trial in the Los Angeles County Superior Court, petitioner was convicted of second degree robbery and assault with a deadly weapon. He was found to have prior convictions, and received a sentence of seventy years to life in state prison. (ECF No. 1 at 2-3). The Petition sets forth the following grounds for relief: (1) a request for a sentence recall pursuant to California Penal Code § 1170.126 and California Senate Bill 1393 ("SB 1393"); (2) the trial court abused its discretion by denying petitioner's motion to dismiss his prior strike convictions; and (3) trial

counsel and appellate counsel provided ineffective assistance with respect to petitioner's sentence. (ECF No. 1 at 6-24).

Petitioner has filed numerous habeas petitions in this Court. On May 13, 2014, he filed a Petition and First Amended Petition in case number CV 14-3665-PSG (RNB) (the "2014 Petition"), that included the following grounds for relief: (1) the trial court improperly imposed a high term sentence; (2) petitioner was denied the effective assistance of counsel during sentencing; and (3) a request for a sentence recall under Proposition 36.[1] (CV 14-3665, ECF No. 5). The 2014 Petition was dismissed with prejudice as time barred pursuant to the Judgment entered on July 18, 2014. (Id., ECF Nos. 7, 9, 10). Both this Court and the Ninth Circuit denied petitioner's request for a certificate of appealability. (Id., ECF Nos. 11, 16).

In August 2016, petitioner filed a Petition in Case No. CV 16-6215-PSG (PLA) (the "2016 Petition") that again challenged his high term sentence and alleged ineffective assistance of counsel during sentencing. The 2016 Petition was dismissed as successive. (See CV 16-6215, ECF Nos. 1, 14) (2016 Pet. at 3, 4). Similarly, in September 2017, petitioner filed a Petition in Case No. CV 17-6642-PSG (PLA) challenging his high term sentence that was dismissed as successive. (See CV 17-6642, ECF No. 4).

---

[1] Pursuant to Proposition 36, also known as the Three Strikes Reform Act of 2012, California Penal Code § 1170.126 was added, which "created a postconviction release proceeding whereby a prisoner who is serving an indeterminate life sentence imposed pursuant to the three strikes law for a crime that is not a serious or violent felony and who is not disqualified, may have his or her sentence recalled and be sentenced as a second strike offender unless the court determines that resentencing would pose an unreasonable risk of danger to public safety." People v. Yearwood, 213 Cal.App.4th 161, 168, 151 Cal.Rptr.3d 901 (Cal. App. 5 Dist. 2013).

2

In January 2018, petitioner filed a Petition in Case No. CV 18-372-PSG (PLA) (the "2018 Petition") that challenged his sentence pursuant to California Propositions 36, 47, and 57.[2] The 2018 Petition was dismissed as successive.  (See CV 18-372, ECF No. 6).

Petitioner's next Petition was filed on April 30, 2019, in Case No. CV 19-3667-PSG (PLA) (the "19-3667 Petition"), and alleged the following:  the trial court abused its discretion by denying petitioner's motion to dismiss prior strike convictions; petitioner received ineffective assistance of counsel during sentencing; and petitioner should be resentenced under Propositions 36, 47, and 57. (CV 19-3667, ECF No. 1 at 7, 18, 24, 32).  On May 9, 2019, the 19-3667 Petition was dismissed as successive.  (Id., ECF No. 3).

Also in April 2019, petitioner filed a Petition in the Ninth Circuit that raised the same claims as those set forth in his 19-3667 Petition.  (CV 19-10057, ECF No. 1-1 at 1, 8, 19, 25, 33).  The Ninth Circuit treated petitioner's filing as an application to file a second or successive habeas petition in the district court, and determined his claims under California Propositions 47 and 57 were not successive. The application was denied as to the remaining claims.  The Petition was then transferred to this Court and given the case number CV 19-10057-PSG (PLA) (the "19-10057 Petition").  On December 6, 2019, the Court dismissed the 19-10057 Petition on the basis that petitioner's claims under Propositions 47 and 57 were not cognizable in a federal habeas action.  A certificate of appealability was also denied.  (Id., ECF Nos. 1, 3).

/
/

---

[2] Effective in November 2014, Proposition 47 "reduced the penalties for certain drug and theft-related offenses and reclassified those offenses as misdemeanors rather than felonies. [Citations.]  It also added section 1170.18 to the Penal Code, which allows those previously convicted of felonies that were reclassified as misdemeanors under Proposition 47, to petition the court to have their felony convictions designated as misdemeanors."  People v. Zamarripa, 247 Cal. App. 4th 1179, 1182 (Cal. App. 2 Dist. 2016).

Proposition 57, approved by California voters in November 2016, amended the California Constitution to add Article I, section 32, which provides that nonviolent adult offenders "shall be eligible for parole consideration after completing the full term of his or her primary offense." Daniels v. California Department of Corrections and Rehabilitation, 2018 WL 489155, at *3 (E.D. Cal. Jan. 19, 2018).

II.

DISCUSSION

**A.     Petitioner's SB 1393 Claim in Ground One Is Not Cognizable**

In petitioner's first ground for relief, he asserts, inter alia, a claim for sentencing relief pursuant to SB 1393.[3] Effective January 1, 2019, SB 1393 amended section 1385 of the California Penal Code to eliminate the prohibition against striking a five-year enhancement for a prior serious felony. This resulted in state trial courts having discretion to strike such an enhancement. See People v. Dearborne, 34 Cal. App. 5th 250, 268 (Cal. App. 4 Dist. 2019). SB 1393 applies retroactively to cases that were not yet final on its effective date. Id.

A petitioner may seek federal habeas relief from his state court conviction or sentence only if he is contending that he is in custody in violation of the Constitution or laws or treaties of the United States. See 28 U.S.C. § 2254(a); Swarthout v. Cooke, 562 U.S. 216, 219, 131 S. Ct. 859, 178 L. Ed. 2d 732 (2011) (per curiam); Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S. Ct. 475, 116 L. Ed. 2d 385 (1991). Matters relating solely to the interpretation and/or application of state law generally are not cognizable on federal habeas review. See, e.g., Rhoades v. Henry, 611 F.3d 1133, 1142 (9th Cir. 2010) ("violations of state law are not cognizable on federal habeas review"); Christian v. Rhode, 41 F.3d 461, 469 (9th Cir. 1994) ("Absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief.").

Petitioner's claim seeking sentencing relief under SB 1393 is purely a state law matter as it does not present any federal question. Accordingly, this claim is not cognizable in a federal habeas action.[4] See, e.g., Burchett v. Martel, 2020 WL 1847131, at *2 (C.D. Cal. Mar. 11, 2020) ("Petitioner's allegations that he is entitled to the benefit of S.B. 1393 involve solely the alleged misapplication of California sentencing law . . . [and] fail to state a cognizable federal claim."), Report and Recommendation accepted, 2020 WL 1820518 (C.D. Cal. Apr. 10, 2020); see also Bush v.

---

[3]   Petitioner's additional reference in Ground One to SB 1392 appears to be erroneous.

[4]   In any event, as petitioner's 2005 conviction became final long before SB 1393 went into effect in 2019, he would be ineligible for SB 1393 relief under California law. See Dearborne, 34 Cal. App. 5th at 268.

Davis, 2020 WL 7043882, at *2-3 (N.D. Cal. Dec. 1, 2020) (listing "federal district court[] [cases that] have rejected SB 1393 sentencing claims for failure to state a cognizable federal habeas claim").

Based on the above, dismissal of petitioner's SB 1393 claim in Ground One is warranted.

**B.      Petitioner's Remaining Claims Are Successive**

The Court now considers petitioner's remaining claims, i.e., his claim in Ground One seeking a sentence recall under California Penal Code § 1170.126, his claim in Ground Two challenging the trial court's denial of his motion to strike his priors, and his claim in Ground Three alleging ineffective assistance of trial and appellate counsel.

A federal habeas petition is successive if it raises claims that were or could have been adjudicated on the merits in a previous petition. Cooper v. Calderon, 274 F.3d 1270, 1273 (9th Cir. 2001) (per curiam). The AEDPA provides that a claim presented in a second or successive federal habeas petition that was not presented in a prior petition shall be dismissed unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A), (B). Furthermore, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

As set forth above, petitioner's 2014 Petition was dismissed as time barred. Because a dismissal as untimely is considered a dismissal on the merits, petitioner's subsequent Petitions were for the most part denied as successive. See McNabb v. Yates, 576 F.3d 1028, 1030 (9th Cir. 2009) (dismissal for failure to comply with statute of limitations is a dismissal on the merits that renders subsequent petitions successive). Under these circumstances, the Court finds that petitioner's

remaining claims in the Petition are likewise successive as they were or could have been adjudicated on the merits in a previous petition. Moreover, even if petitioner could satisfy any of the exceptions listed in 28 U.S.C. § 2244(b)(2)(A) or (B), he is still required to request *and obtain* authorization from the Ninth Circuit before filing a successive petition. 28 U.S.C. § 2244(b)(3)(A); Burton v. Stewart, 549 U.S. 147, 152-53, 127 S. Ct. 793, 798, 166 L. Ed. 2d 628 (2007) (AEDPA requires petitioner to receive authorization from the court of appeals before filing a second habeas petition). Because there is no indication that petitioner has obtained such authorization from the Ninth Circuit, the Court is without jurisdiction to entertain petitioner's successive claims. See Burton, 549 U.S. at 153; Cooper, 274 F.3d at 1274 ("'When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application.'").

Accordingly, with the exception of petitioner's SB 1393 claim, dismissal of the Petition as successive is appropriate.[5]

### III.

### CERTIFICATE OF APPEALABILITY

Under Rule 11(a) of the Rules Governing § 2254 Cases, a court must grant or deny a certificate of appealability ("COA") when entering a final order adverse to the petitioner. See also 28 U.S.C. § 2253(c).

---

[5] The Court has repeatedly advised petitioner that if he wishes to make a successive habeas application, he must file a "Motion for Order Authorizing District Court to Consider Second or Successive Petition Pursuant to 28 U.S.C. § 2244(b)(3)(A)" directly with the Ninth Circuit Court of Appeals. Until the Ninth Circuit issues such an order, any successive habeas petition will be barred by § 2244(b) and dismissed **without prejudice** to petitioner's right to seek authorization from the Ninth Circuit to file the petition.
If petitioner obtains permission from the Ninth Circuit Court of Appeals to file a successive petition, he should file a new petition for writ of habeas corpus. He should not file an amended petition in this action or use the case number from this action because the instant action is being closed today. If petitioner files a new petition, the Court will give that petition a new case number.

A petitioner may not appeal a final order in a federal habeas corpus proceeding without first obtaining a COA. See 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A COA may issue "only if . . . [there is] a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A "substantial showing . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (citation omitted); see also Sassounian v. Roe, 230 F.3d 1097, 1101 (9th Cir. 2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when . . . jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. at 484.

Here, reasonable jurists would find that the Court correctly determined the Petition should be dismissed for the reasons set forth above. Accordingly, a certificate of appealability is **denied**.

### IV.
### CONCLUSION

IT IS THEREFORE ORDERED that the Petition is **dismissed with prejudice** as to petitioner's claim pursuant to SB 1393, and **dismissed without prejudice** as to petitioner's remaining claims. A certificate of appealability is also **denied**.

DATED: August 26, 2021

_____
HONORABLE GEORGE H. WU
UNITED STATES DISTRICT JUDGE